FILED
SUPERIOR COURT
OF GUAM

2020 JUL -2 PM 4: 35

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY GREGORY MENDIOLA,<br>(aka "Ton Mendiola")<br><br>Defendant. | Criminal Case No. CF0343-20<br><br>**DECISION AND ORDER RE.<br>DEFENDANT'S EX PARTE<br>MOTION TO DISMISS** |

This matter came before the Honorable Maria T. Cenzon upon Defendant Anthony Gregory Mendiola's *Ex Parte* Motion to Dismiss (the "Motion to Dismiss" or the "Motion") filed on July 2, 2020.[1] It is unclear from the pleadings before the Court whether Defendant served the People of Guam (the "People") with the pleadings as required under the applicable Rules. Nevertheless, upon review of the Motion and its accompanied filings currently before it, the Court **DENIES** the *Ex Parte* Motion on the following procedural grounds:[2]

---

[1] This matter was previously assigned to the Hon. Elyze M. Iriarte on June 26, 2020, who filed a Form One – Disqualification on July 1, 2020. The matter was then transferred to this Court on July 1, 2020.

[2] Following the filing of the instant Ex Parte Motion to Dismiss at 10:33 a.m. on July 2, 2020, Defendant filed an AMENDED *Ex Parte* Motion to Dismiss at 1.34 p.m. on July 2, 2020; however, the Amended *Ex Parte* Motion does not address the basis of the Court's denial, as set forth herein.

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Ex Parte Motion to Dismiss
Page 1 of 4

## 1. DEFENDANT'S MOTION DOES NOT COMPLY WITH THE LOCAL RULES OF THE SUPERIOR COURT OF GUAM AND DEFENDANT HAS FAILED TO ADVANCE ANY JUSTIFIABLE REASON FOR NON-COMPLIANCE.

GR 1.1 of the Local Rules of the Superior Court of Guam (the "Local Rules") provides that these Local Rules "supplement the Guam Rules of Criminal Procedure[,]" "shall be construed so as to be consistent with applicable statutes to promote the just, efficient and economical determination of every action and proceeding" and "shall apply to all actions and proceedings, including ...criminal [matters]" except where inconsistent with rules or provisions of law specifically applicable to such criminal matters. *Ex Parte* Applications are governed by CVR 7.1.1 which applies to criminal proceedings with specific force pursuant to GR1.1(c)(The provisions of the General Rules and the Provisions of Civil Rules 7.1 and 7.1.1 of the Local rules of the Superior Court of Guam shall apply to all actions and proceedings, including criminal cases). Thus, the threshold question is whether Defendant's *Ex Parte* Motion to Dismiss complies with the procedural mandates that govern urgent requests to the Court on an expedited basis with little or no notice to the opposing party.[3]

### a. **Defendant's Ex Parte Application Does Not Comply with CVR 7.1.1**.

As relevant to the determination at bar, CVR 7.1.1 mandates, in relevant part, that the attorney seeking *ex parte* relief file a "Declaration of Counsel" which states the following:

> (1) that a good faith effort has been made to advise counsel for all other parties, if known, or the parties themselves, if counsel is not known, of the date, time and substance of the proposed ex parte application or the reasons supporting the claim that notice should not be required, and

---

[3] The Court finds it noteworthy that the instant ex parte application seeks a pre-trial dispositive outcome in a First Degree Murder case – a dismissal; therefore, strict compliance with the provisions of the applicable rules of procedure is mandated. Such may not be the case if, as an example and for illustrative purposes only, an *ex parte* application was filed with the stipulation of the parties, to allow a criminal defendant who was charged with a lesser non-violent felony or a misdemeanor offense to travel for the purposes of receiving treatment off-island. Such would not be dispositive of the charges as is the case here.

*People of Guam vs. Anthony Gregory Mendiola*, Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Ex Parte Motion to Dismiss
Page 2 of 4

> (2) the efforts to contact other counsel or the parties <u>and whether</u> <u>any other counsel or party, after such advice, opposes the</u> <u>application or has requested to be present when the application is</u> <u>presented to the court</u>, and if not filed in accordance with this rule, reasons why the ex parte application has not been timely filed.

CV 7.1.1 (a)(1),(2)(emphasis added).

Although Attorney McDonald filed a Declaration of Counsel (the "McDonald Declaration") accompanying the Motion to Dismiss, the submission fell woefully short of the requirements of CVR 7.1.1. The Declaration avers the following:

> 2. That on Wednesday, July 1, 2020, my office contacted the Assistant Attorney General who is assigned to Defendant's case of my intent to file an *ex parte* motion to dismiss.

> 3. I was successful in communicating directly with the assigned Assistant Attorney General assigned to this instant case.[4]

It is incontrovertible that the statements in the McDonald Declaration fail to contain the necessary "buzz words" that would signify that a "good faith effort" was made to advise the People of Guam of the minimum logistics and substance of the proposed ex pate application (or, alternatively, the reasons supporting the claim that notice should not be required) that are required under Local Rule CVR 7.1.1(a)(1). Paragraph 2 of the McDonald Declaration states only that defense counsel's *office* contacted the assigned Assistant Attorney General "of my intent to file" the motion without mention of the requisite intended date, time and substance of the proposed application.[5]

---

[4] *Declaration of Counsel* at ¶¶ 2, 3 (July 2, 2020).

[5] Plaintiff's Declaration merely informs the People of Guam of his "intent" to file an ex parte order, arguably leaving the Plaintiff to wonder when to expect to receive notice of the filed motion. Did counsel inform the AAG of the time and date in which he intended to bring the instant motion? The McDonald Declaration, unfortunately, does not state. Did defense counsel provide more information such as the basis of the intended motion to dismiss, or did he merely inform the AAG that he intended to file a motion to dismiss without stating the intended time of filing nor of the legal authority on which such motion would be filed? Again, the McDonald Declaration, unfortunately, does not state. If it is the latter, such declaration, without more fails the standard required under CVR 7.1.1. Notice, even the most abbreviated notice, or a sufficient reason for *not* providing notice, is required under the applicable rule.

*People of Guam vs. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Ex Parte Motion to Dismiss
Page 3 of 4

Moreover, the McDonald Declaration does not state whether the assigned Assistant Attorney General "opposes the application or has requested to be present when the application is presented to the court." The People have not filed any responsive brief or other response to the Motion to Dismiss, which might be expected in a Murder (As a 1st Degree Felony) case. It is the duty of the Court to ensure that notice as required under the applicable rules has been served upon the parties, absent a statement that no notice is required or should be excused. The Ex Parte Application is wholly non-compliant and is, therefore, denied on this procedural basis.

**2. DEFENDANT'S MOTION MAY PROCEED AS SET FORTH IN CVR 7.1 AND CR1.1 GOVERNING MOTIONS PRACTICE IN CRIMINAL CASES.**

Notwithstanding the denial of the Ex Parte Application on procedural grounds, the Court will permit the motion to proceed pursuant to CR 1.1, as supplemented by CVR 7.1.[6] Defendant may, therefore, submit the moving papers in the manner as detailed and mandated in CVR 7.1. The Court will then issue CVR FORM 3 setting the time and date for argument or determine that oral argument is unnecessary, as appropriate.

SO ORDERED this 2nd day of July, 2020.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

---

[6] General Rule GR 1.1.(c).

*People of Guam vs. Anthony Gregory Mendiola*, Criminal Case No. CF0343-20
Decision and Order Re. Defendant's Ex Parte Motion to Dismiss
Page 4 of 4